IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN A. NORRIS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 14-120 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| UNIVERSITY OF PITTSBURGH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

For the reasons that follow, Defendant the University of Pittsburgh's ("Pitt's") Motion to Dismiss (Doc. 21) will be granted, and this case will be dismissed without prejudice to refiling once matters of inventorship are resolved before the USPTO.

Plaintiffs are two immunologists employed by Pitt, and they have brought a series of state law claims against it and other entities based on the alleged misappropriation of Plaintiffs' research data for use in the development of a vaccine. *See* Compl. (Doc. 1) at Counts I-IV, VIII-XIV (alleging state law claims for misappropriation of trade secrets, breach of fiduciary duty, for accounting, conversion, trespass to chattels, unjust enrichment, civil conspiracy, tortious interference and negligence); *cf. also* Counts V-VII (requesting declaratory and injunctive relief, of unspecified legal origin). All of the Defendants have moved for dismissal, and Defendant Minivax has raised an important threshold issue -- namely, the question of subject matter jurisdiction. Although Plaintiffs have pleaded diversity jurisdiction, diversity of citizenship plainly is lacking on the face of the Complaint. *See id.* at ¶ 20 (alleging jurisdiction under

28 U.S.C. § 1332);[1] *compare id.* at ¶¶ 24-25 (Plaintiffs are citizens of Pennsylvania) *with, e.g., id.* at caption (naming Pitt as Defendant, and listing its mailing address in Pittsburgh, Pennsylvania).

Perhaps recognizing that jurisdiction is lacking on the grounds asserted in the Complaint, Plaintiffs in their briefing have joined Pitt in recognizing that federal subject matter jurisdiction attaches through their claims of patent inventorship. *See* Pls.' Opp'n Br. (Doc. 32) (specifying, for first time, that subject matter jurisdiction is present under 28 U.S.C. § 1338). Plaintiffs have claimed sole inventorship of patents touching upon the parties' disputes, *see* Compl. at Counts V & VI, and these allegations are sufficient to establish federal-question jurisdiction. *See* Krauser v. BioHorizons, Inc., 753 F.3d 1263, 1268 (Fed. Cir. 2014) ("[i]ssues of inventorship . . . present sufficiently substantial questions of federal patent law to support jurisdiction under section 1338(a)") (citation to quoted source omitted).[2]

Turning to the ascertainable federal claims, Pitt has argued that Plaintiffs' assertions of inventorship cannot now proceed because the patent applications for the putative invention(s) still are pending. *See* Pitt's Br. (Doc. 23) at 5-7 (citing legal authority). Plaintiffs do not contest this assertion, but, rather, they agree to withdraw their inventorship claims, without prejudice, until they are "ripe." *See* Pls.' Opp'n Br. (Doc. 36) at 5-6; *see also* Pls.' proposed order (filed under Doc. 33-3) ("Plaintiffs[] agree[] to withdraw, without prejudice, their claims of

---

[1] Although the Complaint also claims jurisdiction under the Declaratory Judgment Act, that statute is procedural, not substantive, and it does not enlarge the scope of the Court's jurisdiction. Chicago Pneumatic Tool Co. v. Ziegler, 151 F.2d 784, 788 (3d Cir. 1945).
[2] Given the obvious lack of diversity jurisdiction, and the availability of jurisdiction under Section 1338, the Court cannot pretend to know why Plaintiffs pleaded as they did. Amendment is not required, however, because federal question jurisdiction is apparent from the allegations in Counts V and VI.

2

inventorship . . . and th[ose] claim[s are] dismissed, without prejudice, . . . with the right to refile . . . when ripe").

As to any remaining putative federal claims, the parties' arguments largely relate to whether or not Plaintiffs have assigned their rights to Pitt, by way of a signed, written agreement. Plaintiffs dispute that the written assignment identified by Pitt encompasses the subject matter of the Complaint, and Plaintiffs posit that, absent a valid assignment, "ownership rests" with them as "the inventor[s]." Pls.' Opp'n Br. (Doc. 36) at 8-9. Having already conceded that issues of inventorship are premature, or having at least decided not to contest the point, Plaintiffs cannot show why a current adjudication of their purported ownership rights is any more appropriate.

The Court will not adjudicate issues of ownership in a vacuum, and Plaintiffs' withdrawal of their inventorship claims, by necessity, bleeds into their ownership-related claims, at least to the extent that federal jurisdiction is concerned. As to Plaintiffs' myriad state-law claims, the Court sees no "extraordinary circumstances" supporting an exercise of supplemental jurisdiction. *See* Bright v. Westmoreland County, 380 F.3d 729, 751 (3d Cir. 2004) (citation to quoted source omitted). To the contrary, considerations of judicial economy, convenience and fairness dictate that Plaintiffs' state-law claims be adjudicated in conjunction with their putative federal claims, assuming Plaintiffs continue to pursue recourse under federal law and that those claims eventually come to fruition.

Consistent with the foregoing, Pitt's Motion to Dismiss (**Doc. 21**) is **GRANTED**, all of the remaining Motions (**Docs. 12, 24, 40, 47 & 54**) are **DENIED AS MOOT**, and this case is **DISMISSED WITHOUT PREJUDICE** as described above.

IT IS SO ORDERED.

December 10, 2014                              s\Cathy Bissoon
                                               Cathy Bissoon
                                               United States District Judge

cc (via ECF email notification):

All Counsel of Record