# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN A. NORRIS, *et al.*, | ) |
| Plaintiffs, | ) Civil Action No. 14-120 |
| v. | ) Judge Cathy Bissoon |
| UNIVERSITY OF PITTSBURGH, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Plaintiffs' Motions (Docs. 63 & 73) to reopen this case or for relief from judgment under Rule 60 will be denied, without prejudice to Plaintiffs filing a new lawsuit.

The intent of the Court's dismissal and Judgment Orders (Docs. 60 & 61) was clear. The Court did not, actually or *de facto*, stay or administratively close the case. Rather, the Court dismissed the action, without prejudice to refiling, and entered final judgment under Federal Rule 58.

The Court agrees with Defendants' interpretation of the Court of Appeals for the Third Circuit's decision in Penn West Assoc., Inc. v. Cohen, 371 F.3d 118, 126-29 (3d Cir. 2004). The Cohen Court's analyses confirm, if not directly by implication, the legal effect of the prior rulings in this case. Likewise, Plaintiffs framed their consent to dismissal under Federal Rule 41(a), which contemplates a refiling of suit, not a reopening of dismissed claims. *Compare* Pls.' Br. (Doc. 36) at 5-6 (Plaintiffs "agree[d] and request[ed]" to withdraw putative federal claims "pursuant to F.R.C.P. 41(a)(1)") *with* Wright, Miller & Cooper, 9 Fed. Prac. & Proc. Civ. § 2367 (3d ed. 2016) ("a voluntary dismissal without prejudice under Rule 41(a) leaves the

situation as if the action never had been filed," and "[a]fter the dismissal, the action no longer is pending . . . and no further proceedings in the action are proper") *and* Fed. R. Civ. P. 41(d) (implicitly recognizing that mechanism for renewing dismissed claims is to "file[a new] action").

As to Rule 60, there has been no mistake; none of the grounds listed in subsection (b) apply; and there are no extraordinary circumstances warranting an application of the "catchall" provision in Rule 60(b)(6).

Finally, the Court believes that the filing of a new lawsuit is particularly appropriate given the circumstances presented. In the prior Order of dismissal, the foremost issue on the Court's mind was the threshold inquiry of whether and how subject matter jurisdiction attached. The Court confessed bewilderment regarding Plaintiffs' decision to plead all of their claims under state law, given the obvious lack of diversity-of-citizenship. *See* Order of Dismissal (Doc. 60) at 1-2 & n.2. Even Plaintiffs appear to recognize the dubiousness of their original pleadings, as a request for amendment comes in the very next breath. *See* Pls.' Mot. (Doc. 63) at ¶ 29 ("[r]equest for [r]elief," asking for reopening of case and leave to amend).

The Court sees little benefit in restoring the old case when the original pleadings, on their face, presented significant issues regarding subject matter jurisdiction. Furthermore, the record reveals recent, potentially significant activity in the USPTO proceedings, which may well bear on the nature and framing of Plaintiffs' putative claims. *See* Pls.' Mot. to supplement record (Doc. 80) (discussing recent decisions by USPTO). The proper course is not to resuscitate Plaintiffs' ailing and outdated claims, but for Plaintiffs to file a new lawsuit, taking into account

recent developments and addressing any and all jurisdictional matters in a thoughtful and deliberate fashion.[1]

For all of the reasons stated above, Plaintiff's Motions (**Docs. 63 & 73**) are **DENIED**, without prejudice to the filing of a new lawsuit.

IT IS SO ORDERED.


June 7, 2016                                             s\Cathy Bissoon
                                                        Cathy Bissoon
                                                        United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[1] Given the nature of Plaintiffs' allegations, and the arguably unflattering findings regarding the Defendant-Doctors in the recent USPTO-filings, the Court is not entirely insensitive to the eagerness, and frustration, Plaintiffs have experienced in trying to place their claims before a court of competent jurisdiction. Eagerness and expedience, however, often are in tension with the need to formulate legal claims and strategies in a thoughtful and deliberate way. The Court also would note, without the intention of being harsh, that any perceived losses in judicial economy and convenience were done not at the hands of Defendants or the Court, but, rather, as a result of Plaintiff's own litigation-decisions. *Cf.* discussion *supra* (noting Plaintiffs' affirmative request to withdraw claims pursuant to Federal Rule 41(a)(1)). These things being said, the Court believes that an amicable resolution of the parties' disagreements, whether through the judicial process or independent of it, would appear to be in everyone's best interest. Should Plaintiffs decide to refile their action here, the Court would be willing, should all parties so agree, to expedite the mandatory-ADR schedule so that such discussions may be moved to the fore. *Cf., e.g.*, Doc. 26 in Civil Action No. 14-1342 (W.D. Pa.) (inviting parties to engage in early-ADR, by unanimous consent, and describing procedures and accommodations afforded, including declaration that such process would satisfy parties' obligations under Local Rule 16.2).